Dear Ms. Landrieu:
You have requested an opinion as to whether employees of the Louisiana Lottery Corporation (the "Lottery Corporation") are covered under that certain agreement between the State of Louisiana and the Commissioner for Social Security, first adopted as of December 10, 1952, and modified as of April 1, 1954 and January 1, 1955. And whether employees of the Louisiana Lottery Corporation should be deemed to be employees of an instrumentality, as that term is defined in La. R.S.42:1002(7). The referenced agreement was entered into pursuant to Section 218 of the Social Security Act as amended in 1954 and is referred to as "Louisiana's Section 218 Agreement." According to information provided, this request was prompted by the Lottery Corporation's proposal to adopt a retirement system which will provide the mandatory retirement benefits required under 42 U.S.C. § 3121(b)(7)(F), and accordingly, permit the Lottery Corporation to cease contributions to the social security system.
When the Social Security Act was originally enacted in 1935, services performed in the employ of a state or a subdivision thereof were expressly excluded from social security coverage. Subsequent amendments to the Act authorized voluntary agreements between the Secretary of Health, Education, and Welfare and the states for the social security coverage of employees of state and local governments who were not covered by a state retirement system.
Louisiana's Section 218 Agreement provides that employees of the state of Louisiana who are not covered by a state retirement system are covered by the social security system. In addition, Louisiana's Section 218 Agreement provides that services performed by employees of a political subdivision or instrumentality of the state may be covered by a social security system, provided the political subdivision affirmatively elects such coverage by consenting to inclusion under the agreement.
The term "instrumentality" is defined in La. R.S. 42:1002(7). Pertinent portions of that definition provide that an instrumentality includes only juristic entities which are legally separate and distinct from the state and whose employees are not by virtue of their relation to such entities employees of the state.
The Lottery Corporation was created for the purpose of operating a state lottery pursuant to La. R.S. 47:9000 et seq. The articles of incorporation of the Louisiana Lottery Corporation provide that the corporate entity is not an agency or political subdivision of the state, but is deemed to be an instrumentality of the state. These articles were adopted pursuant to La. R.S.47:9019 and were subject to legislative oversight. La. R.S.47:9015(A) mandates the creation of a retirement plan for employees of the Lottery Corporation.
Based on these authorities, it is the opinion of this office that the Lottery Corporation is an instrumentality of the state as defined by La. R.S. 42:1002(7). The Lottery Corporation has taken no affirmative action to secure coverage under Louisiana's Section 218 Agreement. Thus, services performed by employees of the Lottery Corporation are covered by such agreement only if the corporation's employees are deemed to be employees of the state of Louisiana for this purpose. Agreement for Old-Age and Survivors Insurance Coverage, Dec. 10, 1952 La.-Soc.Sec.Admin.; Modification No. 31, Ap. 1954; Modification No. 48, Oct. 1955.
Based on these various authorities, it the opinion of this office that employees of the Lottery Corporation are not employees of the state of Louisiana and, accordingly, services performed by such employees are not subject to social security coverage under Louisiana's Section 218 Agreement, as amended.
I hope this opinion is of assistance and if we may be of further help, please advise us.
Very truly yours,
 Richard P. Ieyoub Attorney General
 BY: NANCY J. GOODWIN Assistant Attorney General
NJG/cs
cc: Louisiana Lottery Corporation